```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 5:08-CV-410-JMH |
| v. ) | |
| ) | |
| REAL PROPERTY AND RESIDENCE ) | |
| LOCATED AT 4816 CHAFFEY LANE, ) | **MEMORANDUM OPINION AND ORDER** |
| LEXINGTON, FAYETTE COUNTY, KY,) | |
| IN THE NAME OF MEGAN COFFMAN, ) | |
| ET AL., ) | |
| ) | |
|     Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Claimants Bryan Coffman, Megan Coffman, and Baniel, LLC's (collectively, "Claimants") motion for reconsideration [Record No. 28] of the denial [Record No. 27] of the motion to dismiss [Record No. 20]. In the alternative, Claimants moved for a temporary lifting of the stay for the purpose of ruling on the motion to dismiss [Record No. 20]. As a third alternative, Claimants moved in the same pleading for clarification and certification pursuant to 28 U.S.C. § 1292(B). As the issues in the motion to dismiss have been fully briefed, and indictments have been issued in the companion criminal case, the motion for reconsideration and a temporary lifting of the stay for the purpose of considering the merits of the motion to dismiss will be granted. For the reasons stated herein, the motion to dismiss will be denied.

**I.   BACKGROUND**

Claimants Bryan and Megan Coffman are a married couple residing in Lexington, Kentucky. In October 2008, the United States commenced a criminal investigation involving the Coffmans. At that time, the Government also filed this civil action in rem under 18 U.S.C. § 981(a)(1)(A) and (C) and 18 U.S.C. §§ 983 and 985, for the forfeiture of real property involved in a transaction or attempted transaction in violation of, or property traceable to a violation of, 18 U.S.C. §§ 1956, 1957, 1960, 1341, 1343, and 1344 [Record No. 1]. This action was immediately stayed and sealed [Record Nos. 4 and 5]. In January 2009, the Government seized personal and real property, including the defendant property in this action, belonging to Bryan and Megan Coffman, Corrie Anderson (Megan Coffman's sister), and the Coffmans' business entity, Baniel, LLC. On December 4, 2009, a federal grand jury indicted Bryan Coffman and two other individuals on ten counts of violations of 18 U.S.C. § 1341 for devising a scheme and artifice to defraud and obtain money from persons by false and fraudulent pretenses and representations, and nine counts of wire fraud in violation of 18 U.S.C. § 1343. Bryan and Megan Coffman were indicted on ten counts of conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 1956 and 1957, related to financial transactions they allegedly conducted with the proceeds from the other crimes charged in the indictment. The indictment also

includes a criminal forfeiture allegation, in which the United States is seeking the forfeiture of any real or personal property which constitutes or is derived from proceeds traceable to the commission of any of the crimes in the indictment of which the defendants are eventually convicted.  The property sought in this civil forfeiture action is the same property sought in the criminal forfeiture allegation.  The Government stated that to the extent property forfeited in the criminal action is the same as property listed as a defendant in this action, this civil action will eventually be dismissed. Defendant has moved for dismissal of this action, arguing that the Government did not effect timely service of process on the claimants or the real property.

**II.   STANDARD**

Claimants have not identified the rule of federal procedure under which they are moving for a dismissal.  From the arguments in their motion, the Court assumes Claimants are moving under Rule 12(b)(5), which provides that "a party may assert the following defenses by motion: . . . (5)insufficient service of process." Fed. R. Civ. P. 12(b)(5).

> When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected.  The Sixth Circuit Court of Appeals (Sixth Circuit) has held that if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later.  Accordingly, when the gravamen of defendant's motion is insufficiency of process, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service.

*Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (citations and quotation marks omitted).

**III. DISCUSSION**

    **A. The Government Acted With Authority in Filing a Sealed Complaint and Delaying Execution of Process**

Claimants argue that the Government did not have the authority to file the sealed complaint, obtain a stay of this proceeding, and delay execution of process. This argument lacks merit and is not a proper ground for a motion to dismiss.

Although Claimants maintain that there is "no authority for the Government's strategy of filing this action under seal, then delaying execution of process for such an inordinate amount of time[,]" the advisory committee's note to Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states that the Rule contemplates a situation in which "the government may have secured orders sealing the complaint in a civil forfeiture action or have won a stay after filing. The seal or stay may be ordered for reasons, such as protection of an ongoing criminal investigation, that would be defeated by prompt service of the warrant." Supp. R. G(3)(c) advisory committee's note. Rule G(3)(c) clearly anticipated the procedure the Government utilized in this case. Furthermore, Claimants have failed to cite any case law supporting their position, except one district court case from the Central District of California, which was decided prior to the enactment of the current Supplemental

Rules and 18 U.S.C. § 985, which governs the civil forfeiture of real property.

Bryan Coffman claims that he "remains without any means of obtaining access to his property or challenging its seizure." [Claimants' Motion to Dismiss, 6, Record No. 20]. This claim is completely without merit. Bryan Coffman filed a Rule 41(g) motion in July 2009 challenging the Government's probable cause for the seizure. In that motion, Bryan Coffman was afforded the opportunity to challenge the probable cause to issue the search warrant and to request a hearing, which he did. United States Magistrate Judge Atkins denied the Rule 41(g) motion on November 16, 2009. Any further argument relating to probable cause or the Rule 41(g) motion in this Court is moot.

> **B. The Court Will Allow the Government an Extension of Time to Effectuate Service of Process under Rule 4(m)**

Fed. R. Civ. P. 4(m) states that "if the plaintiff shows good cause for the failure [to serve the defendant within 120 days after the complaint is filed], the court must extend the time for service for an appropriate period." The Supreme Court has stated that a district court can enlarge the time for service of process even if there is no good cause shown. *Henderson v. U.S.*, 517 US 654, 658 (1996). "The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow." *Id.*

The Government's ex parte motion to seal the complaint [Record

-5-

No. 2] provided the Court with good cause to support its failure to serve the Claimants within 120 days of the complaint. The Government stated in that motion that there was a companion criminal case to this civil forfeiture case and "[a]t such time as all defendants have been indicted, the United States will move the Court to unseal the Complaint, and serve all interested parties." [Plaintiff's ex parte Motion to seal the case, 2, Record No. 2.] The Court accepted this procedure at the time the motion was filed and granted the Government's motion to seal the complaint, in order to prevent interference with the criminal investigation and case. [Record No. 4]

The Government did not "intentionally fail[] to serve the Coffmans as part of its belt-and-suspenders effort to maintain an unfair stranglehold on the Coffmans' assets" as Claimants allege. [Claimants' Motion to Dismiss, 7, Record No. 20.] The purpose of filing this action and simultaneously sealing it was not to "forestall any attempt to challenge the seizure of" the Coffmans' assets, but, rather, to prevent the Coffmans from concealing and disposing of assets when they discovered that a criminal investigation had commenced. Further, attached to the Complaint was a governmental agent's affidavit which contained information that the Government did not, at that time, want to make available to the public due to the pendency of the criminal investigation. This was particularly important in this case, as there are

defendants named in the criminal case other than the Coffmans. The Court considers this to be good cause shown under Rule 4(m) and rules that 120-day period for service of process in this case must be extended to sixty days from the date of this Order for all claimants. *See Mann v. American Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003) (holding that a district court can grant an extension under Rule 4(m) even after the 120-day period has expired).

### C. The Government Failure to Execute Process Under Supplemental Rule G(3)(c) is not Grounds for Dismissal

Claimants argue that the Government failed to execute process under Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Claimants argue that the Government did not comply with the requirement that it execute process "as soon as practicable" under Rule G(3)(c). Rule G(3)(c) allows, however, the court to order "a different time [for execution of process] when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause." Supp. R. G(3)(c).

The warrants for the defendant bank accounts and the 2003 Azimut Solar Yacht ("yacht") were issued in December 2008 [Record No. 8], when this case was stayed and under seal. [Record Nos. 4 and 5.] The complaint in this case was not unsealed until August 11, 2009 [Record No. 10] and remains stayed (other than the temporary lifting of the stay for the purpose of considering the

motion to dismiss). As noted above, the advisory committee note to Rule G(3)(c) states that the Rule "recognizes that the government may have secured orders sealing the complaint in a civil forfeiture action or have won a stay after filing. The seal or stay may be ordered for reasons, such as protection of an ongoing criminal investigation, that would be defeated by prompt service of the warrant." Advisory Committee Note to Supplemental Rule G(3)(c). The situation contemplated by the advisory committee is precisely that at bar. The Government sought to stay and seal the case in an effort to protect the ongoing criminal investigation. The purpose of sealing the case would have been totally defeated had the Government served the Defendant property immediately upon receiving the warrants. Therefore, the undersigned finds that it was appropriate for the Government to delay executing service of process due to the fact the case was sealed and remains stayed.

Furthermore, the Coffmans claim that they are prejudiced by the delay because they believe the Government is failing to properly maintain the yacht, decreasing its value. Deterioration of a yacht is not proper grounds for a dismissal under Rule 12. The Government has offered the alternative solution of moving for interlocutory sale of the yacht if claimants are concerned about the condition of the yacht.

**D.   Failure to Properly Initiate an Action Against the Defendant Real Properties is Not Grounds for Dismissal in this Case**

Claimants argue that the Government has not posted notice of the complaint on the defendant real properties and also failed to serve Corrie Anderson, property owner of 2032 Egret Crest Lane, Charleston, South Carolina ("South Carolina real property") with notice and a copy of the complaint.  Megan Coffman, owner of 4826 Chaffey Lane, Lexington, Kentucky ("Kentucky real property") was served with notice and a copy of the complaint on September 10, 2009.  Claimants argue that these failures on the part of the government are in contravention of the requirements contained in 18 U.S.C. § 985(c) and as a result, the portion of the complaint relating to the real properties should be dismissed.

18 U.S.C. § 985(c) requires that for the Government to initiate a civil forfeiture action against real property, it must "(A) [file] a complaint for forfeiture; (B) [post] a notice of the complaint on the property; and (C) [serve] notice on the property owner, along with a copy of the complaint." 18 U.S.C. § 985(c)(1). Claimants do not dispute that the complaint filed in this matter satisfies the first requirement of 18 U.S.C. § 985(c).  Claimants argue that the second requirement of the statute has not been accomplished with regard to the Kentucky real property and the second and third requirements have not been accomplished with regard to the South Carolina real property.

-9-

### 1. The South Carolina Real Property

The motion to dismiss was filed on behalf of claimants Bryan and Megan Coffman and Baniel, LLC. Neither of these individuals, nor the limited liability company, is the record title owner of the South Carolina real property. Claimants have not provided any evidence to the Court that indicates that the Coffmans or Baniel, LLC has any interest in the South Carolina real estate. Supplemental Rule G(8)(b) states that only "[a] claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." Supplemental Rule G(8)(b)(i). Standing is

> an essential and unchanging part of the case-or-controversy requirement of Article III. To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling. . . .[T]he critical question is whether at least one petitioner has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction.

*Horne v. Flores*, 129 S.Ct. 2579, 2592, -- U.S. -- (2009)(citations and quotation marks omitted)(emphasis in original). Neither the Coffmans nor Baniel, LLC has presented an injury which will accrue to them personally if the South Carolina real property is eventually forfeited to the Government. Further, these Claimants have not presented an injury that has or will accrue to them due to their claim that the Government has failed to properly effectuate service of process on the South Carolina real property. The South

-10-

Carolina real property is wholly owned by Corrie Anderson, a third party. Claimants have not alleged that they have any interest in the South Carolina real property. "[A] claimant must have colorable ownership, possessory, or security interest in at least a portion of the defendant property." *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). These claimants have not "alleged such a personal stake in the outcome" of this proceeding as related to the South Carolina real property as to warrant their invocation of this Court's jurisdiction. *Id.* ("[A]n individual customarily bears the burden of demonstrating an interest in the seized item sufficient to satisfy the court of his standing as a claimant.") The Court will order a more definite statement of those facts regarding Claimants' interest in the South Carolina real property and their support for Article III standing on this issue. Although the Court is denying Claimants' Motion to Dismiss, it is doing so without prejudice to the refiling of a suitable motion to dismiss relating only to the South Carolina real property if Claimants demonstrate that they have standing as to that property.

### 2. The Kentucky Real Property

Claimants contend that the motion to dismiss should be granted as to the Kentucky real property because notice of the complaint has not been posted on that property as 18 U.S.C. § 985(c) requires in order to initiate a civil forfeiture proceeding. The Government

-11-

does not dispute this fact.  Claimants, however, have not cited any case law to support their position that failure to post notice of the complaint on the property is grounds for granting a motion to dismiss at this stage of the proceeding.  18 U.S.C. § 985(c)(1) clearly states that a civil forfeiture action against real property is not initiated until all three requirements are met, including the requirement that the Government post notice of the complaint on the property.  The Court finds that the Government cannot take further action in this matter with regard to the Kentucky real property until the civil forfeiture is properly initiated by meeting all three requirements set forth in 18 U.S.C. § 985(c)(1).

The Court also finds that the Government could not have posted notice of the complaint on the defendant property prior to August 11, 2009 because the case was under seal.  Common sense dictates that the purpose of sealing the complaint and temporarily shielding it from public knowledge would be thwarted if the Government posted notice of the complaint on the defendant property for any member of the public to see.  Thus, Claimants are incorrect in their assertion that the Government "never bothered to complete the initiation of this action" for eleven months following the filing of the complaint.  This is not a case of governmental mismanagement, as the Claimants imply, but rather, the sealing of the complaint necessarily prevented the Government from posting notice of the complaint on the Kentucky real property until August

11, 2009. Therefore, Claimants can only legitimately argue that notice of the complaint should have been posted on the Kentucky real property sometime after August 11, 2009, and the Government's failure to do so is grounds for dismissal.

The Court, however, has not found any support for Claimants' contention that the case should be dismissed for failure to comply with 18 U.S.C. § 985 between August 11, 2009 and the present. In a case with similar facts, a North Carolina district court found that "neither [18 U.S.C. § 985] nor the Supplemental Rules address the consequences of improper notice." *U.S. v. 630 Ardmore Drive, City of Durham, Parkwood Tp., Durham County, N.C., et al.*, 178 F. Supp. 2d 572, 579 (M.D.N.C. 2001). Although Claimants do not state under which provision of Fed. R. Civ. P. 12 they seek the dismissal, Rule 12(b)(5) addresses insufficient service of process. The Court in *630 Ardmore Drive* analyzed the Rule 12(b)(5) motion in that case under the framework of service of process under Fed. R. Civ. P. 4, because, as noted, 18 U.S.C. § 985 does not "address the consequences of improper service of process." *Id.* Under that analysis, the court found that it is only "appropriate to grant Claimant's . . . [Rule] 12(b)(5) motion if she, as the moving party, has suffered prejudice" from the Government's failure to comply with the requirements of 18 U.S.C. § 985(c). *Id.*

Megan Coffman has not demonstrated or alleged that she has suffered any prejudice from the Government's failure to post notice

-13-

of the complaint on the defendant property. Megan Coffman was served, through her husband Bryan Coffman, at their residence, with an actual copy of the complaint on September 10, 2009 [Record No. 17]. Approximately two weeks later, the Coffmans filed a notice of claims setting forth their claims in this action and their motion to dismiss [Record Nos. 19 and 20]. These filings indicate that Megan Coffman had actual knowledge of the complaint in September 2009, that she retained counsel for the defense of the property, and that she acted on the complaint in the form of two pleadings. There is nothing before the Court to indicate that Megan Coffman has suffered any prejudice from the Government's failure thus far to post notice of the complaint on her residence, as she has had actual notice of the complaint since at least September 10, 2009.[1]

Furthermore, Claimants misread Rules G(4)(a) and (b) to require a dismissal upon the Government's failure to publish notice of the action (Rule G(4)(a)) and to send notice of the action and a copy of the complaint to potential claimants known to the Government (Rule G(4)(b)). Supplemental Rule G(4)(a) states that the Government must publish notice of the action "within a reasonable time after filing the complaint or at a time the court

---

[1] In fact, the Court speculates that the Coffmans, who reside in the defendant Kentucky real property, located in an affluent Lexington neighborhood, were quite possibly relieved that notice of a forfeiture action by the federal government was not posted on their front door. This relief, however, does not vitiate the Government's duty to comply with 18 U.S.C. § 985(c) in order to properly initiate this civil forfeiture action.

-14-

orders" in order for the court to enter a judgment of forfeiture. Supp. R. G(4)(a). No judgment of forfeiture has been entered in this case, and, thus, this argument is premature.

Rule G(4)(b) requires that notice of the action and a copy of the complaint be sent to "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. R. G(4)(b). Rule G(5)(a)(ii)(B) mandates that a claim must be filed "no later than 60 days after the government complied with 18 U.S.C. § 985(c) as to real property." As noted above, the Government has not yet complied with 18 U.S.C. § 985(c), and, thus, the time period in Rule G(5)(a)(ii)(B) has not yet started to run.

**IV. CONCLUSION**

For the forgoing reasons, **IT IS ORDERED**:

1) that Claimants' motion for a temporary lifting of the stay [Record No. 28] for the purpose of ruling on the merits of the motion to dismiss [Record No. 20] be, and the same hereby is, **GRANTED**;

2) that Claimants' motion for reconsideration [Record No. 28] be, and the same hereby is, **GRANTED**;

3) that Claimants' motion to dismiss [Record No. 20] as it relates to all property except the real property and residence located at 2032 Egret Crest Lane, Charleston, South Carolina, be, and the same hereby is, **DENIED WITH PREJUDICE**;

4) that Claimants' motion to dismiss [Record No. 20] as it relates to the real property and residence located at 2032 Egret Crest Lane, Charleston, South Carolina, be, and the same hereby is, **DENIED WITHOUT PREJUDICE**; and

4) that Plaintiff shall **SERVE** any and all Claimants or Defendants not yet served in this matter within sixty days from the date of this Order, in accordance with all applicable civil rules, statutes and this Order.

This the 8th day of January, 2010.



Signed By:
_Joseph M. Hood_
Senior U.S. District Judge